Leonard R. Gold and Reisman-Gold Funeral Chapel, Inc., Petitioners *v.* Commonwealth of Pennsylvania, State Board of Funeral Directors, Respondent.

Argued September 12, 1985, before Judges DOYLE and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*James G. Morgan, Jr., Hepford, Swartz, Menaker and Morgan,* for petitioners.

*Jerome Grossi,* Counsel, State Board of Funeral Directors, with him, *Joyce McKeever,* Chief Counsel, Bureau of Professional and Occupational Affairs and *David F. Phifer,* Chief Counsel, Department of State, for respondent.

OPINION BY JUDGE PALLADINO, December 12, 1985:

Petitioners Leonard R. Gold and Reisman-Gold Funeral Chapel appeal from a decision of the State Board of Funeral Directors (Board) which revoked Petitioners' operating licenses on the basis of professional misconduct. We affirm.

The Board made the following findings of fact:[1]

[Petitioners] deposited payments received from buyers of future interment agreements in-

---

[1] Initials have been substituted for the names of the decedents in order to protect their identities.

to an account with the Delaware Cash Reserve and into a Nuveen Tax Exempt Bond Fund with the U.S. Trust Company of New York, neither of which constitutes a trust fund in a banking institution in the Commonwealth authorized to perform trust functions.

The estate of [D.T.] purchased from [Petitioners] a Batesville Autumn Oak half-couch casket for $1,995.00, which was to be cremated with the body.

On December 16, 1982, following funeral services for [D.T.], [Petitioner] Gold instructed Brian Hafer and William Johnston, employees of [Petitioner] Corporation, to remove the [decedent's] body from the casket and transport the body to the crematory without the casket.

Pursuant to [Petitioner] Gold's instructions, Messrs. Hafer and Johnston removed the [decedent's] body from the casket, and the body was transported to the crematory without the casket.

The estate of [E.S.] purchased from [Petitioners] a Boyertown Oval Lid Orthodox unfinished casket for $1,295.00, which was to be cremated with the body.

On April 20, 1983, following funeral services for [E.S.], [Petitioner] Gold instructed Messrs. Hafer and Johnston to remove the [decedent's] body from the casket and transport the body to the crematory without the casket.

Pursuant to [Petitioner] Gold's instructions, Messrs. Hafer and Johnston removed the [decedent's] body from the casket, and the body was transported to the crematory without the casket.

Based on these findings of fact, the Board concluded that Petitioner had violated the trust which was placed in him by the consumer. The Board stated that it perceived Petitioners' conduct as "particularly intolerable and worthy of the most severe sanction authorized" by Section 11(a)(5) of the Funeral Director Law (Law).[2] Petitioners' licenses were, therefore, revoked.[3]

Petitioners contend that there is not substantial evidence in the record to support the Board's findings. This contention is premised on the fact that there is conflicting testimony on the question of whether Petitioner Gold ordered the removal of bodies from caskets prior to sending the bodies to the crematory.

The existence of conflicting testimony does not lead to the conclusion that the findings are not supported by substantial evidence. The Board, as factfinder, is empowered to resolve such conflicts. We have examined the record and conclude that there is substantial evidence supporting the Board's findings.

Petitioners also contend that the findings of the Board do not support a conclusion of professional misconduct justifying license revocation. We disagree. Section 11(a)(5) of the Law permits the Board to revoke a license for "gross incompetency, negligence or misconduct in the carrying on of the profession." The Board is allowed a large degree of latitude in defining misconduct. *McKinley v. State Board of Funeral Directors*, 11 Pa. Commonwealth Ct. 241, 313 A.2d 180 (1973). In view of the facts

_____

[2] Act of January 14, 1952, P.L. (1951) 1898, *as amended*, 63 P.S. §479.11(a)(5).

[3] The licenses revoked were: funeral director's license; supervisor's license; restricted business corporate license and branch license.

presented, we agree with the Board that Petitioners' actions in removing bodies from caskets constitutes misconduct justifying revocation of Petitioners' licenses.

Affirmed.

ORDER

AND Now, December 12, 1985, the decision of the State Board of Funeral Directors in the above-captioned case, dated October 2, 1984, is affirmed.